WALLER, CHIEF JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 28. I concur with the majority's conclusion that Keyes's claims against Dollar General for malicious prosecution, infliction of emotional distress, false imprisonment, fraud, deceit, and misrepresentation are not subject to arbitration, as those claims fall outside the scope of the arbitration clause in Keyes's employment contract. However, I disagree with the majority that Keyes's defamation claim must be submitted to arbitration. Accordingly, I concur in part and dissent in part.
 

 ¶ 29. The majority finds that Keyes's defamation claim must be arbitrated because her employment contract includes "defamation" as a "Covered Claim" subject to arbitration. However, the inclusion of "Covered Claims" in a contract, while relevant to the scope of the parties' agreement, is not dispositive of whether a specific claim is subject to arbitration. Regardless of the legal causes of action asserted by the plaintiff, we still must look to the factual allegations in the complaint to determine whether a claim falls within
 the scope of the arbitration agreement.
 
 Scruggs v. Wyatt
 
 ,
 
 60 So.3d 758
 
 , 766 (Miss. 2011). Under the arbitration clause at issue here, a plaintiff's claims must arise out of or relate to his or her employment or termination to be subject to arbitration. Keyes's defamation claim bears no more relation to her employment or termination than her other claims, which the majority correctly finds are outside the scope of the parties' arbitration agreement. Thus, despite the inclusion of "defamation" as a Covered Claim, I would find that the parties did not intend that Keyes would be forced to arbitrate a defamation claim based on Dollar General's filing of a criminal complaint for embezzlement against her.
 

 ¶ 30. Because none of Keyes's claims fall within the scope of the parties' arbitration agreement, Keyes's argument that Dollar General waived its right to arbitration by filing a criminal complaint against her is moot, and I would decline to address it. We reached the same conclusion recently in
 
 Pedigo v. Robertson
 
 ,
 
 2017 WL 4838243
 
 , at *2 n.1 (Miss. Oct. 26, 2017) ("Because we find Pedigo's suit to be outside the scope of the arbitration agreement, we need not address whether RAC waived its right to arbitration.").
 

 ¶ 31. For the foregoing reasons, I would reverse the trial court's judgment as to all of Keyes's claims and remand this case to the trial court for further proceedings.
 

 KITCHENS, P.J., KING AND COLEMAN, JJ., JOIN THIS OPINION.